John F. Devine, Administrator, Appellant, v. The Aurora, Elgin & Chicago Railway Company, Appellee.

## Gen; No. 16,444.

1. INTERURBAN RAILROADS—*care required to avoid injuring trespassers.* As soon as a motorman of an interurban railroad becomes aware of the presence of a trespasser on tracks on a bridge it becomes his duty to use reasonable care to avoid injury, and unless there is some evidence tending to show a failure of such duty it is proper to direct a verdict.

2. INTERURBAN RAILROADS—*when evidence shows due care to avoid injuring trespassers.* A motorman of an interurban train going forty-five miles an hour, when from 125 to 300 feet distant, saw a trespasser on her hands and knees between the rails on a bridge, and the trespasser remained in such position until struck. The motorman reversed his motor, put on his brake, and did everything in his power to stop the train but was unable to do so until it had passed over the trespasser. *Held,* a peremptory instruction for defendant was properly granted.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed August 12, 1912.

BENJAMIN C. BACHRACH and ARTHUR C. BACHRACH, for appellant.

HOPKINS, PEFFERS & HOPKINS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Mrs. Martha Wulff was run over and killed by a train of two cars, owned and operated by appellee, while she was on the tracks of appellee on the bridge over the Desplaines river. Just how she came to be there is left to conjecture, but that she was a trespasser there is not questioned. On the trial the court, at the close of the plaintiff's case, instructed the jury to find the defendant not guilty. Appellant claims that was error.

As soon as the servants of appellee became aware of the presence of the deceased on the track, it became their duty to exercise all reasonable care to avoid injuring her. Unless there is some evidence in the record fairly tending to show the failure of those servants to perform that duty, the instruction was properly given. The evidence tends to show that the bridge over the Desplaines river is about 200 feet long; that when the motorman first saw the deceased she was on her hands and knees between the rails of the road; that she remained in about the same position until the train struck her; that when the motorman first saw her, the train was from 125 to 300 feet west of the bridge, and going at the rate of forty-five miles per hour; that as soon as he saw her, the motorman reversed his motor, put on his brake and did everything in his power to stop the train, but was unable to do so until the train had passed over the deceased. There is no evidence tending to show that he omitted to do anything he could have done to stop the train sooner, or that the killing of the deceased was the result of any misconduct or negligence on the part of the servants of appellee.

There is no error in giving the peremptory instruction. The judgment of the Superior Court is, therefore, affirmed.

*Judgment affirmed.*